UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and
ANJANETTE TAYLOR,
    Plaintiffs,

v.                                                                                  Case No. 05-71728

TROOPER LISS, TROOPER SATTLER,            Honorable Patrick J. Duggan
TROOPER BOYLE, OFFICER
RAYMOND FAES, SERGEANT
CRAWFORD, OFFICER TAYLOR,
OFFICER BRIAN HAWK, and SPECIAL
AGENT DEBRA LYNCH,
    Defendants.
_____/

**OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**
**AND**
**GRANTING PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 16, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiffs Eric Taylor and Anjanette Taylor filed suit against Defendants following an arrest, which occurred on April 22, 2003. On July 5, 2006, this Court issued an Order which: (1) granted summary judgment as to all claims against Defendants Boyle, Crawford, Liss, and Sattler; and (2) granted summary judgment as to claims against Defendant Faes except Plaintiff Eric Taylor's excessive force claim against Defendant Faes. Presently before the Court is Plaintiffs' Motion for Reconsideration or, alternatively, for Leave to Amend their Complaint, filed on July 18, 2005.

In the Court's July 7, 2006 Opinion, the Court found, in part, that Plaintiffs did not properly allege a claim under 42 U.S.C. § 1983 against the state court defendants, including Defendant Sergeant Terry Crawford (7/5/06 Op. at 6-8) .  Although the Opinion went on to find, as an alternative basis for summary judgment, that the other state defendants were entitled to qualified immunity, (7/5/06 Op. at 9-14), the Court made no such alternative finding as to Defendant Crawford.  In fact, in the Opinion, the Court noted: "if Plaintiff had brought a § 1983 claim against Crawford, arguably a question of fact might exist with respect to his liability for excessive force for the same reasons as the Court found a question of fact exists with respect to Officer Faes.  (7/5/06 Op. at 17-18 n.8; *see also* Op. at 22 n.9 ("As indicated, if Plaintiffs had asserted a § 1983 claim against Defendant Crawford, a question of fact might exist as to his liability for excessive force in violation of the Fourth Amendment.")).

Plaintiffs move for reconsideration of the Court's dismissal of Plaintiff Eric Taylor's 42 U.S.C. § 1983 claim against Defendant Sergeant Terry Crawford.  Alternatively, Plaintiffs seek leave to amend their Complaint to state a claim against Crawford pursuant to 42 U.S.C. § 1983.

Pursuant to the directive of the Court, Defendant Crawford filed a response to Plaintiffs' Motion on August, 2, 2006.  In his response, Crawford argues that allowing Plaintiffs to pursue an excessive force claim against him would be futile and would unnecessarily prolong the litigation, because he is entitled to qualified immunity.

**I.     Motion for Reconsideration**

In their Motion, Plaintiffs contend that the Court's holding that Plaintiffs did not properly allege a § 1983 claim against Crawford and the other state defendants was erroneous and constituted palpable defect. Plaintiffs move for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g) which provides, in pertinent part:

> **(3)   Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Because the Court believes that Plaintiffs' motion for reconsideration merely presents the same issues ruled upon by this Court in its July 5, 2006 Opinion (*see* 7/5/06 Op. at 7-8), the Court does not believe that Plaintiffs have demonstrated a palpable defect. Therefore, Plaintiffs' Motion for Reconsideration shall be denied.

**II. Motion for Leave to Amend Complaint**

Alternatively, Plaintiffs request leave to amend their Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to clearly state an excessive force claim

3

against Defendant Crawford pursuant to 42 U.S.C. § 1983.  Plaintiffs seek to add the following language to their Complaint:

> 25.    As a result of defendants' violation of plaintiffs' constitutional rights, plaintiffs are entitled to recover actual and punitive damages, attorney fees, costs, interest, and other appropriate relief pursuant to 42 U.S.C. §§ 1983 & 1988 (Defendant Terry Crawford) and federal common law (Defendants Raymond Faes and Debra Lynch).

(Pls.' Mot. to Am., Ex. 1, Proposed Second Am. Compl. ¶25).

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Rule was intended to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).  To deny a motion to amend, the district court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

In this case, the Court does not believe that allowing Plaintiffs to amend their Complaint would result in any significant prejudice to Defendant Crawford.  Plaintiffs do not seek to add any additional facts to their Complaint, or allege any additional claims.

In his response, Defendant Crawford argues that this Court should deny amendment because it would be futile because qualified immunity applies to Defendant Crawford under the facts of this case.  The Court disagrees.  In the Opinion, the Court noted:

> Sergeant Crawford was working the front desk at the River Rouge station (E. Taylor Dep. at 29-30) and, as desk supervisor, was responsible for what went on at the station.  Moreover, Plaintiff testified that Sergeant Crawford accompanied

4

> him to the small cell with no toilet (E. Taylor Dep. at 31, 51-52) and was on duty the entire time Plaintiff remained in the cell (E. Taylor Dep. at 50). . . .

(7/5/06 Op. at 17-18 n.8).

The Court then cited to *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) ("[A] police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring."). Thus, like Defendant Faes, the Court believes that a reasonable official, reviewing the pre-existing law and applying it to the conduct alleged by Eric Taylor, would have concluded that the conduct was unconstitutional. Therefore, because the Court does not believe that Sergeant Crawford is entitled to qualified immunity, allowing Plaintiffs to amend their Complaint would not be futile.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend their Complaint is **GRANTED**.

                                                              s/PATRICK J. DUGGAN
                                                              UNITED STATES DISTRICT JUDGE

Copies to:
Bert T. Ross, Esq.
Ethan Vinson, Esq.
Geneva S. Halliday, Esq.